UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERNEST LEVRON #750350     CIVIL ACTION NO. 21-cv-140 SEC P

VERSUS     JUDGE ELIZABETH E. FOOTE

PATRICA MILLER     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Ernest Levron ("Petitioner") appeared in Caddo Parish District Court and entered a guilty plea to computer solicitation for sex and indecent behavior with a juvenile. The court imposed agreed concurrent sentences of six years. Petitioner did not appeal, but he later filed a post-conviction application. He now seeks federal habeas corpus relief on the grounds that (1) he was not read his <u>Miranda</u> rights at the time of arrest, (2) he received ineffective assistance of counsel, (3) police did not immediately notify him of the reason for his arrest, and (4) a statement that he gave to police was made under duress or coercion. For the reasons that follow, and primarily because a guilty plea waives the asserted claims, it is recommended that the petition be denied.

**State Court Proceedings**

Petitioner responded to an advertisement on Craigslist that advertised family fun. He sent several graphic text messages to arrange sex with whom he believed was a 34-year-old mother and her 14-year-old daughter. Petitioner was arrested when he arrived at an arranged location for a sexual encounter. Tr. 25-58, 70. An amended bill of information

charged him with computer solicitation for sex purposes, indecent behavior with a juvenile, and attempted engaging in prostitution with persons under 18. Tr. 10.

Attorney Michael Vergis enrolled as counsel for Petitioner. He filed a motion to quash on the grounds that there was no actual victim and no financial agreement with the fictitious daughter. Tr. 153-54. The trial court denied the motion to quash. The court also held a "free and voluntary" hearing and ruled that a post-arrest statement Petitioner gave to police would be admissible at trial. Tr. 2.

Two days after that hearing, Petitioner appeared with counsel and agreed to enter a guilty plea to count one and count two, with the State agreeing to dismiss count three and a misdemeanor prostitution charge that was pending in a separate case. The plea bargain included agreed concurrent sentences of six years at hard labor, without benefits as to count one, and for Petitioner to register as a sex offender for 25 years. Tr. 2, 162. Judge Charles Tutt conducted the guilty plea hearing, which included advice of all <u>Boykin</u> rights. Petitioner said that he had no questions and denied that anyone had threatened or forced him to plead guilty. The prosecutor read a factual basis for the counts, and Petitioner stated his agreement with those facts. The court accepted the guilty plea and imposed the agreed sentences. Tr. 162-69.

Petitioner did not file a direct appeal. He did file a post-conviction application. He asked for relief because he was not read his rights or informed of the reason for his arrest when first arrested. He also argued that he lied in his interview with the investigator because she deceived him by telling him she could get him help related to his long history of sexual abuse if he cooperated and talked with her. Petitioner also charged that the

investigator threatened his wife by saying that she would take their son if Petitioner did not plead guilty. Petitioner claimed ineffective assistance of counsel on the grounds that he was "kept in the dark" by his attorney who did not return phone calls and "basically told us shut up and take it." Tr. 174-83.

Judge Tutt denied the application. He reasoned that there was no requirement that Petitioner be informed of the reason for his arrest at any particular point in the process, and the court found that Petitioner was read his Miranda rights prior to giving his statement and "clearly was not coerced into his statement." The court noted that there was a free and voluntary hearing held in which a recording of Petitioner's statement to police was viewed by the court and found to be admissible. "In the recording he was advised of his rights, and very calmly and coherently, gave a statement freely and voluntarily." [1] The court noted that Petitioner likely intended to gain favor by cooperating. And, to the extent Petitioner believed he was misled by the officer, police are not required to be totally straightforward when questioning suspects. With regard to the ineffective assistance of counsel claim, the court articulated the Strickland requirements and held that Petitioner failed to allege anything that could lead to reversal on such a claim. The court pointed out that the transcript of the guilty plea hearing contained no indication that counsel pressured Petitioner into pleading guilty. Tr. 190-92.

---

[1] The record submitted to this court includes minutes that reflect the free and voluntary hearing, but the State represents that the hearing was not transcribed (which is not unusual since there was no appeal). The recording of Petitioner's statement is not included in the habeas record.

The trial court issued its written decision to deny the post-conviction application on September 10, 2020. Petitioner made efforts to obtain a return date to file an application for a supervisory writ to the appellate court, which typically must be pursued within 30 days. Petitioner represented that he did not receive notice of the trial court ruling until October 30, 2020, more than 30 days after is issued, even though the envelope bearing the decision was postmarked September 14, 2020. Tr. 209. Petitioner submitted a letter from his warden that stated the item was not received at the prison until the afternoon of October 29, 2020. Tr. 211. The trial court signed the order submitted with the notice of intent to seek writs and wrote, "DENIED, writ remains untimely under Rule 4-3." Tr. 200. Petitioner did not file a writ application or otherwise seek any further review in the state court system. Instead, he promptly filed this federal habeas petition.

**Analysis**

    **A. Introduction**

The State argues that Petitioner's habeas claims should be denied as waived or abandoned due to inadequate briefing. The State also argues that the petition should be denied because Petitioner did not exhaust his state court remedies with respect to any of the claims. Those arguments may be correct, but the court chooses instead to address the claims (briefly) on the merits and find that the claims presented were waived by the entry of a valid guilty plea.

    **B. The Merits**

Petitioner may not have exhausted his state court remedies, but he did obtain a ruling on the merits of his claims in the trial court. Habeas relief is available with respect to a

claim that the state court adjudicated on the merits only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts.  Williams v. Taylor, 120 S.Ct. 1495, 1519-20 (2000).  A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable.  Renico v. Lett, 130 S.Ct. 1855, 1862 (2010).

Petitioner's filings in this court (Docs. 4, 14 & 17) contain no explanation for why the state court's denial of his post-conviction application was wrong.  He cites no clearly established constitutional law that requires an arrestee to immediately be advised of the charges on which he is arrested, and he points to no facts to undermine the judge's factual finding that he was advised of his Miranda rights before he made a statement.  The state court also made a specific finding that Petitioner's recorded statement was not made under duress or coercion; Petitioner offers only a bare assertion that he made up the statement because of alleged promises of help and a threat to his wife.  Petitioner's ineffective assistance of counsel claim in his federal petition argues that he feels his case would have

been thrown out had counsel raised the issue of the alleged violation of his Fifth Amendment (Miranda) rights. This claim was not presented at all in the state court, but the court's finding that Petitioner was advised of his Miranda rights defeats the argument.

### C. Waiver By Guilty Plea

The merits of Petitioner's claims have been addressed briefly, but his guilty plea actually waived every one of the claims. A guilty plea represents a break in the chain of events that preceded it in the criminal process. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollette v. Henderson, 93 S.Ct. 1602, 1608 (1973). "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards" for effective assistance of counsel. Id. The Court explained that a guilty plea may not be vacated because the defendant was not advised "of every conceivable constitutional plea in abatement he might have to the charge," and it was not sufficient to show that if counsel had pursued a certain inquiry it would have uncovered a possible defense. Id.

It is "well-established that a valid guilty plea waives all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea." Wells v. Thaler, 460 Fed. Appx. 303, 309 (5th Cir. 2012), citing Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or legality of

arrest, and failure to find flaws in the prosecution's case were waived by guilty plea). Another example of waiver by plea is Brown v. Jernigan, 622 F.2d 914, 916 (5th Cir. 1980), where the habeas petitioner claimed that his indictment was improperly dated and signed and was returned by less than a full panel of grand jury members. The Fifth Circuit ruled that he waived any such claims when he pleaded guilty. Claims for failure to file pretrial motions, failure to interview witnesses, failure to investigate and the like have all been denied when the complaining petitioner had entered a valid guilty plea. Magallanes v. Scott, 43 F.3d 670 (5th Cir. 1994); Drake v. Davis, 2017 WL 3841198, *4 (N.D. Tex. 2017).

Petitioner's ineffective assistance of counsel claim does not relate to the voluntariness of his plea. Petitioner has not exhausted and asserted any claims that suggest the advice he received from his counsel during the course of the guilty plea discussions was not within the range of competence for attorneys in criminal cases. If a defendant wishes to challenge every aspect of the prosecution's case, he may go to trial and do so. But if he chooses to plead guilty, he waives his right to continue to litigate matters such as whether evidence should have been suppressed. Petitioner entered a valid guilty plea, so he is not entitled to habeas relief on any of the claims he asserts in this petition.

Accordingly,

It is recommended that Petitioner's petition for writ of habeas corpus be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of April, 2023.

Mark L. Hornsby
U.S. Magistrate Judge